# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
07/07/2026
CT Log Number 552712557

## Service of Process Transmittal Summary

**TO:** Tom Le
Experian
475 ANTON BLVD BLDG D
COSTA MESA, CA 92626-7037

**RE:** **Process Served in Massachusetts**

**FOR:** Experian Information Solutions, Inc. (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GERSAINT EXCELLENT vs. EXPERIAN INFROMATION SOLUTIONS, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, First Request, Request, Exhibit, Attachment(s) |
| **COURT/AGENCY:** | Suffolk County Superior Court - Boston, MA<br>Case # 2606CV000404 |
| **NATURE OF ACTION:** | Defendant continues to report inaccurate information regarding the CITICARDS CBNA account as of the date of this filing. |
| **PROCESS SERVED ON:** | C T Corporation System, Boston, MA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/07/2026 at 10:10 |
| **JURISDICTION SERVED:** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days from the date the Summons was delivered to you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | GERSAINT EXCELLENT<br>755 Truman Hwy<br>Boston, MA 02136 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/09/2026, Expected Purge Date: 07/14/2026<br><br>Image SOP<br><br>Email Notification, April Williams april.williams@experian.com<br><br>Email Notification, Francesca Di Iorio francesca.diiorio@experian.com<br><br>Email Notification, Tom Le marina.velardi@experian.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jul 7, 2026
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | EXPERIAN INFORMATION SOLUTIONS, INC. |
| Case Number | 2606CV000404 |
| Jurisdiction | MA |

| Inserts | | |
|---|---|---|
| | | |

# Commonwealth of Massachusetts

SUFFOLK, ss.

TRIAL COURT OF THE COMMONWEALTH
BOSTON MUNICIPAL COURT DEPARTMENT
WEST ROXBURY DIVISION

Gersaint Excellent,
PLAINTIFF(S),

CIVIL NO. 2606CV000404

v.

SUMMONS

Experian Information Solutions Inc.
DEFENDANT(S)

THIS SUMMONS IS DIRECTED TO Experian Information Solutions Inc
(Defendant's name)

1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the West Roxbury Division of the Boston Municipal Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to both the "Clerk's Office for Civil Business, Boston Municipal Court Department, 445 Arborway, Jamaica Plain, MA 02130" and to the individual below:
Gersaint Excellent, at 755 Truman Highway Apt.2 Boston MA 02136
(name of Plaintiff or Plaintiff's attorney) (address)

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

A true copy Attest:
7.6.26
Deputy Sheriff Suffolk County

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days**. Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. John E. Garland, on ____________, 20____.

(SEAL)

Clerk-Magistrate [signature: Sean Murphy]

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

**RETURN OF SERVICE**

(for use by person making service)

On ____________, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐ Last and usual at (address)*

______________________________

☐ In hand

☐ Other:

______________________________ (signature)

______________________________ (name and title)

______________________________ (address)

***Please place date you make service in this box and on copy served on defendant and return original to this Court:*** [ ]

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31).



47997

**SUFFOLK, SS.**

# BOSTON MUNICIPAL COURT

# WEST ROXBURY DIVISION

**BOSTON, MASSACHUSETTS**

GERSAINT EXCELLENT, Case No. 26 06CV 404

Plaintiff, Honorable Judge:

vs.

EXPERIAN INFROMATION SOLUTIONS,

INC.,

Defendant.

TRIAL COURT COMMONWEALTH WEST ROXBURY DIVISION 2026 JUL -6 A 9:48

## PLAINTIFF'S COMPLAINT

**NOW COMES** the Plaintiff, Gersaint Excellent, appearing pro se, sues Experian Information Solutions, Inc. for money damages and states:

### I. JURISDICTIONAL ALLEGATIONS

1. Plaintiff is an individual.
2. Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c).
3. Defendant is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).
4. Defendant conducts business in the Commonwealth of Massachusetts.
5. Defendant conducts business in Boston, Hyde Park, Massachusetts.
6. Plaintiff resides in Boston, Hyde Park, Massachusetts.
7. This is an action that exceeds $7,000.00.
8. This is an action that does not exceed $50,000.00.
9. This Court has jurisdiction over this action pursuant to G. L. c. 218, § 19
10. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p.

## II. GENERAL FACTUAL ALLEGATIONS

11. Defendant maintains a consumer report on Plaintiff.
12. Defendant's consumer report on Plaintiff contains an account designated as CITICARDS CBNA.
13. Defendant assigned account number 542418XXXXXX to the CITICARDS CBNA account.
14. Defendant reported the CITICARDS CBNA account as opened on August 31, 2023.
15. Defendant reported the CITICARDS CBNA account as charged off.
16. Defendant reported a balance of $32,735 on the CITICARDS CBNA account.
17. Defendant reported a past due amount of $9,785 on the CITICARDS CBNA account.
18. Defendant reported the CITICARDS CBNA account as closed at credit grantor's request.
19. Defendant has reported the CITICARDS CBNA account on Plaintiff's consumer credit file each month from August 2023 through the date of this filing.
20. The information Defendant reports regarding the CITICARDS CBNA account is inaccurate.
21. Defendant is aware of its obligation under 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure maximum possible accuracy of consumer information.
22. Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information it reports regarding the CITICARDS CBNA account.
23. Defendant's failure to follow reasonable procedures is willful.
24. Each month in which Defendant reported inaccurate information regarding the CITICARDS CBNA account constitutes a separate violation of the Fair Credit Reporting Act.
25. Defendant continues to report inaccurate information regarding the CITICARDS CBNA account as of the date of this filing.

## III. COUNT ONE: WILLFULL NONCOMPLIANCE 15 U.S.C. § 1681n

26. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

27. Defendant willfully failed to follow reasonable procedures to assure maximum possible accuracy of consumer information in violation of 15 U.S.C. § 1681e(b).
28. Plaintiff is entitled to statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).
29. Defendant committed a separate violation for each month from August 2023 through the date of judgment in which it reported inaccurate information regarding the CITICARDS CBNA account.
30. Plaintiff is entitled to punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).
31. Plaintiff is entitled to costs of this action pursuant to 15 U.S.C. § 1681n(a)(3).

**WHEREFORE** Plaintiff Gersaint Excellent moves this Honorable Court to enter an Order for statutory damages of $36,000, representing $1,000 per month for each month from August 2023 through July 2026, plus $1,000 for each additional month in which Defendant continues to report inaccurate information regarding the CITICARDS CBNA account beyond July 2026 through the date of judgment, punitive damages, costs of this action, an Order directing Defendant to delete the CITICARDS CBNA account from Plaintiff's consumer file, and such other and further relief as the Court may deem reasonable and just under the circumstances.

Respectfully submitted,

[signature]

Gersaint Excellent, Plaintiff

*Pro Se*

Date: 7/6/26

**SUFFOLK, SS.**

# BOSTON MUNICIPAL COURT
# WEST ROXBURY DIVISION

**BOSTON, MASSACHUSETTS**

GERSAINT EXCELLENT, Case No.

Plaintiff, Honorable Judge:

vs.

EXPERIAN INFROMATION SOLUTIONS, INC.,

Defendant.

MUNICIPAL COURT WEST ROXBURY DIVISION 2026 JUL -6 A 9:

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**NOW COMES** the Plaintiff, Gersaint Excellent, appearing pro se, and pursuant to Mass. R. Civ. P. 34, requests that Defendant Experian Information Solutions, Inc. produce the following documents within the applicable response period of service of this Request by delivering them to Plaintiff at: 755 Truman Hwy, Boston, MA 02136-3581.

### I. REINVESTIGATION FILE

1. Produce the complete reinvestigation file maintained by Defendant for the CITICARDS CBNA account bearing account number 542418XXXXXX reported as opened on August 31, 2023, reported as charged off with a balance of $32,735 and a past due amount of $9,785, including:
    a. Every document received by Defendant in connection with any dispute submitted by Plaintiff regarding the Account;
    b. Every communication sent by Defendant to Plaintiff regarding any dispute of the Account;
    c. Every Automated Consumer Dispute Verification (ACDV) transmission sent by Defendant to the Furnisher regarding the Account;
    d. Every response received by Defendant from the Furnisher in connection with any ACDV transmission regarding the Account;

   e. Every internal notation, decision record, or case log entry made by Defendant in connection with any dispute of the Account;

   f. Every document reviewed by Defendant in the course of any reinvestigation of the Account; and

   g. The complete dispute history for the Account from the date it first appeared on Plaintiff's consumer file through the date of production.

## II. REINVESTIGATION PROCEDURES

2. Produce all written policies, procedures, guidelines, manuals, and training materials governing Defendant's reinvestigation of disputed account information, including:

   a. All written policies and procedures governing how Defendant investigates any consumer dispute of a late payment designation;

   b. All written policies and procedures governing the use of the Automated Consumer Dispute Verification (ACDV) system in responding to consumer disputes;

   c. All written policies and procedures governing what steps, if any, Defendant takes beyond transmitting a dispute to the furnisher and receiving the furnisher's response;

   d. All written policies and procedures governing when and how Defendant independently verifies information received from a furnisher during a reinvestigation;

   e. All written policies and procedures governing how Defendant determines whether a furnisher's response to an ACDV transmission is sufficient to verify disputed information;

   f. All training materials provided to Defendant's employees or automated systems regarding the reinvestigation of consumer disputes; and

   g. All quality control procedures governing Defendant's reinvestigation process, including any audits, reviews, or compliance checks performed on completed reinvestigations.

## III. COMMUNICATIONS WITH FURNISHER

3. Produce all communications between Defendant and CITICARDS CBNA or any related entity regarding the Account bearing account number 542418XXXXXX reported as opened on August 31, 2023, reported as charged off with a balance of $32,735 and a past due amount of $9,785, including:

   a. All ACDV transmissions sent by Defendant to the Furnisher regarding the Account;

   b. All responses received by Defendant from the Furnisher regarding the Account;

c. All communications sent by Defendant to the Furnisher outside of the ACDV system regarding the Account;

d. All communications received by Defendant from the Furnisher outside of the ACDV system regarding the Account; and

e. All documents provided by the Furnisher to Defendant in support of the information reported on the Account.

## IV. PRIOR LITIGATION AND REGULATORY FINDINGS

4. Produce all documents relating to any prior court order, consent decree, regulatory finding, enforcement action, settlement agreement, or internal compliance report identifying deficiencies in Defendant's reinvestigation procedures, including:

a. All court orders or judgments in which Defendant was found liable for willful or negligent noncompliance with 15 U.S.C. § 1681e(b) or 15 U.S.C. § 1681i;

b. All consent decrees or settlement agreements in which Defendant agreed to modify its reinvestigation procedures;

c. All regulatory findings, enforcement actions, or civil investigative demands issued by the Consumer Financial Protection Bureau, Federal Trade Commission, or any state regulatory agency regarding Defendant's reinvestigation procedures;

d. All internal compliance reports, audit findings, or risk assessments identifying deficiencies in Defendant's reinvestigation procedures; and

e. All documents showing what changes, if any, Defendant made to its reinvestigation procedures in response to any prior court order, consent decree, regulatory finding, or internal compliance report.

## V. CONSUMER FILE AND SCORE IMPACT

5. Produce all documents relating to Plaintiff's consumer file maintained by Defendant, including:

a. The complete consumer file maintained by Defendant on Plaintiff from the date the Account first appeared through the date of production;

b. All credit scores generated by Defendant using Plaintiff's consumer file from the date the Account first appeared through the date of production;

c. All documents showing the impact of the Account on Plaintiff's credit scores; and

d. All documents showing what Plaintiff's credit scores would have been absent the Account from Plaintiff's consumer file.

## VI. ORIGINAL SIGNED CREDIT CARD AGREEMENT

6. Produce the Original of the credit card agreement bearing Plaintiff's signature for the CITICARDS CBNA account bearing account number 542418XXXXXX reported as opened on August 31, 2023, including:
    a. The wet ink original bearing Plaintiff's signature if executed in physical form; or
    b. The native electronic file in its original format with all metadata intact if executed electronically, including authentication logs, IP address records, session data, and verification data showing Plaintiff's electronic signature process.
7. No printout, photocopy, PDF conversion, scanned image, or any other physical or derivative reproduction of the credit card agreement constitutes the Original for purposes of proving its content pursuant to Mass. G. Evid. § 1002.

## VII. DEFINITIONS

For purposes of this Request:

8. "Document" means any written, recorded, or graphic matter, however produced or reproduced, including without limitation writings, drawings, graphs, charts, photographs, recordings, data compilations, electronic files, databases, emails, text messages, and any other data or data compilations in any medium from which information can be obtained.
9. "Account" means the CITICARDS CBNA account bearing account number 542418XXXXXX reported as opened on August 31, 2023, reported as charged off with a balance of $32,735 and a past due amount of $9,785.
10. "Furnisher" means CITICARDS CBNA or any related entity that provided information to Defendant regarding the Account.
11. "Reinvestigation" means any investigation conducted by Defendant pursuant to 15 U.S.C. § 1681i in response to a dispute by Plaintiff regarding the Account.
12. "ACDV" means Automated Consumer Dispute Verification, the electronic system used by Defendant to transmit disputes to furnishers and receive responses.
13. "Consumer File" means all information maintained by Defendant regarding Plaintiff pursuant to 15 U.S.C. § 1681a(g).
14. "Original" means:
    a. For physical documents: the document bearing wet ink signatures or original handwriting;
    b. For electronic documents: the native electronic file as originally created or stored, preserving all metadata, in its original format, not converted to PDF, database export, printout, or any other derivative format.

15. "Signed Agreement" means any original credit card agreement or evidence of an agreement bearing Plaintiff's signature for the Account.

## VIII. INSTRUCTIONS

16. Each Request for Production must be responded to separately and fully in writing within forty-five (45) days of service of the summons and complaint, or within thirty (30) days of service of this Request if served after the expiration of said forty-five (45) day period, pursuant to Mass. R. Civ. P. 34(b).

17. If Defendant objects to any request or portion thereof, state the specific grounds for the objection and produce all non-objectionable documents.

18. All documents must be produced in their original form:

    a. Physical documents must be produced as originals, not photocopies or scanned images;

    b. Electronic documents must be produced in native electronic format with all metadata preserved, not as PDF conversions, database exports, printouts, or any other derivative format.

19. Pursuant to Mass. G. Evid. § 1002, no printout, photocopy, PDF conversion, scanned image, photograph, or physical paper reproduction of any electronic document constitutes the original for purposes of proving its content, and Defendant is hereby placed on notice that any such derivative will be objected to at trial on Best Evidence grounds.

20. If any requested document is claimed to be privileged or subject to protection as trial-preparation material, Defendant must comply with Mass. R. Civ. P. 26(b)(5)(A) by:

    a. Expressly making the claim; and

    b. Describing the nature of the documents not produced in a manner that enables Plaintiff to assess the claim without revealing the privileged information.

21. All documents should be produced in their complete form without redaction unless specific privilege is claimed and identified.

22. Electronic documents should be produced on appropriate media (USB drive, secure file transfer, etc.) organized by request number, with all metadata preserved and a directory listing provided.

Respectfully submitted,

Gersaint Excellent, Plaintiff
*Pro Se*

Date: 7/6/26

**SUFFOLK, SS.**

# BOSTON MUNICIPAL COURT

# WEST ROXBURY DIVISION

**BOSTON, MASSACHUSETTS**

GERSAINT EXCELLENT, Case No.

Plaintiff, Honorable Judge:

vs.

EXPERIAN INFROMATION SOLUTIONS,

INC.,

Defendant.

TRIAL COURT OF THE COMMONWEALTH
WEST ROXBURY DIVISION
2026 JUL -6 A 9:49

## PLAINTIFF'S REQUEST FOR ADMISSIONS

**NOW COMES** the Plaintiff, Gersaint Excellent, appearing pro se, and pursuant to Mass. R. Civ. P. 36, requests that Defendant Experian Information Solutions, Inc. admit or deny each of the following matters within the applicable response period:

### I. REGARDING DEFENDANT'S STATUS

1. Admit that Defendant is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).
2. Admit that Defendant is not a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).
3. Admit that Defendant maintains a consumer file on Plaintiff.
4. Admit that Defendant does not maintain a consumer file on Plaintiff.
5. Admit that Defendant is obligated under 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure maximum possible accuracy of consumer information.
6. Admit that Defendant is not obligated under 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure maximum possible accuracy of consumer information.

## II. Regarding the Account

7. Admit that Defendant reported the Account on Plaintiff's consumer file.
8. Admit that Defendant did not report the Account on Plaintiff's consumer file.
9. Admit that Defendant reported the Account as a charged-off account.
10. Admit that Defendant did not report the Account as a charged-off account.
11. Admit that Defendant reported a balance of $32,735 on the Account.
12. Admit that Defendant did not report a balance of $32,735 on the Account.
13. Admit that Defendant reported a past due amount of $9,785 on the Account.
14. Admit that Defendant did not report a past due amount of $9,785 on the Account.
15. Admit that Defendant reported the Account as opened on August 31, 2023.
16. Admit that Defendant did not report the Account as opened on August 31, 2023.
17. Admit that Defendant received information regarding the Account from the Furnisher.
18. Admit that Defendant did not receive information regarding the Account from the Furnisher.
19. Admit that Defendant did not independently verify the information it received from the Furnisher regarding the Account.
20. Admit that Defendant did independently verify the information it received from the Furnisher regarding the Account.
21. Admit that Defendant reported the Account as having been closed at Citibank's request prior to the charge-off.
22. Admit that Defendant did not report the Account as having been closed at Citibank's request prior to the charge-off.

## III. REGARDING THE REINVESTIGATION

23. Admit that Defendant did not request a Signed Agreement from the Furnisher during any Reinvestigation of the Account.
24. Admit that Defendant did request a Signed Agreement from the Furnisher during any Reinvestigation of the Account.

25. Admit that Defendant did not receive a Signed Agreement from the Furnisher during any Reinvestigation of the Account.

26. Admit that Defendant did receive a Signed Agreement from the Furnisher during any Reinvestigation of the Account.

27. Admit that Defendant did not confirm the existence of a Signed Agreement between Plaintiff and the Furnisher during any Reinvestigation of the Account.

28. Admit that Defendant did confirm the existence of a Signed Agreement between Plaintiff and the Furnisher during any Reinvestigation of the Account.

29. Admit that Defendant confirmed the accuracy of the Account without possessing a Signed Agreement.

30. Admit that Defendant did not confirm the accuracy of the Account without possessing a Signed Agreement.

31. Admit that Defendant confirmed the accuracy of the Account without reviewing a Signed Agreement.

32. Admit that Defendant did not confirm the accuracy of the Account without reviewing a Signed Agreement.

33. Admit that Defendant's Reinvestigation of the Account consisted solely of transmitting Plaintiff's dispute to the Furnisher and receiving the Furnisher's response.

34. Admit that Defendant's Reinvestigation of the Account did not consist solely of transmitting Plaintiff's dispute to the Furnisher and receiving the Furnisher's response.

35. Admit that Defendant accepted the Furnisher's response regarding the Account without independent verification.

36. Admit that Defendant did not accept the Furnisher's response regarding the Account without independent verification.

37. Admit that Defendant continued to report the Account on Plaintiff's consumer file after receiving Plaintiff's dispute.

38. Admit that Defendant did not continue to report the Account on Plaintiff's consumer file after receiving Plaintiff's dispute.

## IV. REGARDING EXPERIAN'S VERIFICATION RESPONSE

39. Admit that Plaintiff submitted a dispute to Defendant regarding the Account.
40. Admit that Plaintiff did not submit a dispute to Defendant regarding the Account.

41. Admit that Defendant notified Plaintiff that the Account was verified following Plaintiff's dispute.

42. Admit that Defendant did not notify Plaintiff that the Account was verified following Plaintiff's dispute.

43. Admit that Defendant's verification of the Account was based solely on information provided by the Furnisher.

44. Admit that Defendant's verification of the Account was not based solely on information provided by the Furnisher.

45. Admit that Defendant's verification of the Account did not include confirmation that a Signed Agreement between Plaintiff and the Furnisher exists.

46. Admit that Defendant's verification of the Account did include confirmation that a Signed Agreement between Plaintiff and the Furnisher exists.

47. Admit that a court of competent jurisdiction has determined that the Furnisher could not produce a Signed Agreement bearing Plaintiff's signature.

48. Admit that a court of competent jurisdiction has not determined that the Furnisher could not produce a Signed Agreement bearing Plaintiff's signature.

## V. REGARDING THE ORIGINAL SIGNED AGREEMENT

49. Admit that Defendant does not possess the Original of the Signed Agreement between Plaintiff and the Furnisher.

50. Admit that Defendant does possess the Original of the Signed Agreement between Plaintiff and the Furnisher.

51. Admit that Defendant has never possessed the Original of the Signed Agreement between Plaintiff and the Furnisher.

52. Admit that Defendant has possessed the Original of the Signed Agreement between Plaintiff and the Furnisher.

53. Admit that no Original of the Signed Agreement between Plaintiff and the Furnisher has ever been produced to Defendant in connection with any dispute or legal proceeding.

54. Admit that an Original of the Signed Agreement between Plaintiff and the Furnisher has been produced to Defendant in connection with any dispute or legal proceeding.

55. Admit that the Furnisher has never provided Defendant with the Original of the Signed Agreement between Plaintiff and the Furnisher.

56. Admit that the Furnisher has provided Defendant with the Original of the Signed Agreement between Plaintiff and the Furnisher.

57. Admit that Defendant does not possess the native electronic file of any alleged electronic agreement with metadata showing a creation date of August 31, 2023.

58. Admit that Defendant does possess the native electronic file of any alleged electronic agreement with metadata showing a creation date of August 31, 2023.

59. Admit that Defendant does not possess authentication logs or verification data showing Plaintiff's electronic signature process on August 31, 2023.

60. Admit that Defendant does possess authentication logs or verification data showing Plaintiff's electronic signature process on August 31, 2023.

61. Admit that Defendant does not possess the complete history of all amendments and modifications to the alleged agreement from August 31, 2023, to present.

62. Admit that Defendant does possess the complete history of all amendments and modifications to the alleged agreement from August 31, 2023, to present.

## VI. REGARDING PERSONAL KNOWLEDGE

63. Admit that no individual employed by Defendant has personal knowledge of whether a Signed Agreement between Plaintiff and the Furnisher exists.

64. Admit that an individual employed by Defendant has personal knowledge of whether a Signed Agreement between Plaintiff and the Furnisher exists.

65. Admit that no individual employed by Defendant has personal knowledge of the contents of the Signed Agreement between Plaintiff and the Furnisher.

66. Admit that an individual employed by Defendant has personal knowledge of the contents of the Signed Agreement between Plaintiff and the Furnisher.

67. Admit that no individual employed by Defendant has personal knowledge of whether Plaintiff executed the Signed Agreement.

68. Admit that an individual employed by Defendant has personal knowledge of whether Plaintiff executed the Signed Agreement.

69. Admit that no individual employed by Defendant reviewed the Account information provided by the Furnisher during the Reinvestigation.

70. Admit that an individual employed by Defendant reviewed the Account information provided by the Furnisher during the Reinvestigation.

71. Admit that Defendant's Reinvestigation of the Account was conducted through an automated process.
72. Admit that Defendant's Reinvestigation of the Account was not conducted through an automated process.
73. Admit that no individual employed by Defendant can testify from personal knowledge that the information reported regarding the Account is accurate.
74. Admit that an individual employed by Defendant can testify from personal knowledge that the information reported regarding the Account is accurate.

## VII. REGARDING ACCURACY

75. Admit that the information Defendant reported regarding the Account is inaccurate.
76. Admit that the information Defendant reported regarding the Account is accurate.
77. Admit that Defendant reported inaccurate information regarding the Account each month from August 2023 through the date of this request.
78. Admit that Defendant did not report inaccurate information regarding the Account each month from August 2023 through the date of this request.

## VIII. REGARDING WILLFULLNESS

79. Admit that Defendant was aware of its obligations under 15 U.S.C. § 1681e(b) at the time it reported the Account.
80. Admit that Defendant was not aware of its obligations under 15 U.S.C. § 1681e(b) at the time it reported the Account.
81. Admit that Defendant's reinvestigation procedures do not require confirmation of the existence of a Signed Agreement between a consumer and a furnisher.
82. Admit that Defendant's reinvestigation procedures do require confirmation of the existence of a Signed Agreement between a consumer and a furnisher.

## IX. DEFINITIONS

For purposes of this Request:

83. "Defendant" means Experian Information Solutions, Inc., its agents, employees, and representatives.
84. "Plaintiff" means Gersaint Excellent.
85. ""Account" means the CITICARDS CBNA account bearing account number 542418XXXXXX reported as opened on August 31, 2023.
86. "Furnisher" means CITICARDS CBNA or any related entity that provided information to Defendant regarding the Account.

87. "Signed Agreement" means any credit card agreement bearing the original signature of Plaintiff.
88. "Original" means:
    a. For physical documents: the document bearing wet ink signatures or original handwriting;
    b. For electronic documents: the native electronic file as originally created or stored, preserving all metadata, in its original format.
89. "Reinvestigation" means any investigation conducted by Defendant pursuant to 15 U.S.C. § 1681i in response to a dispute by Plaintiff regarding the Account.
90. "Automated Process" means any reinvestigation conducted without individual human review of the underlying account information, including but not limited to reinvestigations conducted through Experian's Automated Consumer Dispute Verification (ACDV) system.
91. "Personal Knowledge" means knowledge of a fact based on firsthand observation or experience, as opposed to knowledge based on information received from another person or automated system.
92. "Authentication Logs" means any electronic records documenting the identity verification process, digital signature creation, timestamp, IP address, device information, or other data generated at the time of execution of any alleged agreement between Plaintiff and the Furnisher.
93. "Verification Response" means any communication from Defendant to Plaintiff indicating that information reported on Plaintiff's consumer file has been investigated and confirmed as accurate following a dispute.

## X. INSTRUCTIONS

94. Each Request for Admission must be answered separately and fully in writing under oath within forty-five (45) days of service of the summons and complaint, or within thirty (30) days of service of this Request if served after the expiration of said forty-five (45) day period, pursuant to Mass. R. Civ. P. 36(a).
95. Each matter is admitted unless, within the applicable response period, Defendant serves upon Plaintiff a written answer specifically denying the matter or stating in detail the reasons why Defendant cannot truthfully admit or deny the matter.
96. If Defendant fails to serve a written answer or objection within the applicable response period, each matter in this Request is deemed admitted pursuant to Mass. R. Civ. P. 36(a).

97. If Defendant denies any Request for Admission, the answer must fairly respond to the substance of the matter and, when good faith requires that Defendant qualify an answer or deny only a part of a matter, Defendant must specify the part admitted and qualify or deny the rest.
98. If Defendant claims lack of knowledge or information as a reason for failing to admit or deny, Defendant must state that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable it to admit or deny.
99. The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served pursuant to Mass. R. Civ. P. 36(a).
100. Any matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended pursuant to Mass. R. Civ. P. 36(b).
101. If a party fails to admit what is requested under this rule and if the requesting party later proves the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney fees, incurred in making that proof pursuant to Mass. R. Civ. P. 37(c)(2).

Respectfully submitted,

______________________________

Gersaint Excellent, Plaintiff

*Pro Se*

Date: ______________

**COMMONWEALTH OF MASSACHUSETTS**

Boston Municipal Court, West Roxbury Division
Case No:

GERSAINT EXCELLENT,
Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
Defendant.

# EXHIBIT A

*PLAINTIFF GERSAINT EXCELLENT EXPERIAN CREDIT REPORT*

**Prepared For**

**GERSAINT EXCELLENT**

Personal & confidential

**Date generated:** Jun 23, 2026

# At a glance

[redacted]

[redacted]

[redacted] [redacted]

[redacted] [redacted]

Accounts ever late 2

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted]

5 %

[redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

# Personal information

| Name | Addresses | |
|---|---|---|
| GERSAINT EXCELLENT | 755 TRUMAN HWY APT 2<br>HYDE PARK, MA 02136-3581 | [redacted] |
| [redacted] | [redacted] | |
| [redacted] | [redacted] | |

## Personal statements

No statement(s) present at this time

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

| | | | |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

### $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | - | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | - | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met - Data Unavailable

[redacted]

[redacted] [redacted]

[redacted] [redacted]

### Comments

-

experian. Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted] [redacted]

[redacted] [redacted]

[redacted]

| | | | |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

## $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | - | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | - | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met   - Data Unavailable

[redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

## Comments

-

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

[redacted]

## Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | ✓ | ✓ | ✓ | - | - | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | - | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met - Data Unavailable

[redacted]

## Comments

-

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

### Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | ✓ | ✓ | ✓ | - | - | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | - | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met - Data Unavailable

[redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

### $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | ✓ | ✓ | ✓ | - | - | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met - Data Unavailable

[redacted]

experian. Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

## $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | ✓ | ✓ | ✓ | - | - | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | - | - | - | - | - | - | - | - | - | - | - | ✓ |

✓ Current / Terms met · Data Unavailable

[redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted] [redacted]

[redacted] [redacted] [redacted] [redacted]

[redacted]

| | | | |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

## $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | ✓ | ✓ | ✓ | - | - | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | - | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met - Data Unavailable

[redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

## Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | ✓ | ✓ | ✓ | - | - | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met   - Data Unavailable

[redacted]

[redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted] [redacted]

[redacted] [redacted]

[redacted]

| | | | |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

## $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | ✓ | ✓ | ✓ | - | - | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | - | - | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met - Data Unavailable

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

### $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | ✓ | ✓ | ✓ | - | - | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | - | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met

- Data Unavailable

[redacted]

[redacted]

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted] [redacted]

[redacted] [redacted]

[redacted]

| | | | |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | ✓ | ✓ | ✓ | - | - | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2024 | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met - Data Unavailable

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

-

[redacted] [redacted]

[redacted] [redacted]

[redacted]

| | | | |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | Your statement | - |
| [redacted] | [redacted] | | |

## $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | - | - | - | - | ✓ | - | - | - | - | - | - | - |

✓ Current / Terms met - Data Unavailable

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

# Closed accounts

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

[redacted]

[redacted]

## $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2017 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | CLS | - | - | - |
| 2016 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2015 | - | - | - | - | - | - | - | - | - | ✓ | ✓ | ✓ |

✓ Current / Terms met CLS Closed - Data Unavailable

[redacted]

[redacted]

experian. Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

CITICARDS CBNA $32,735

potentially negative Closed

**Account info**

| | | | |
|---|---|---|---|
| Account name | CITICARDS CBNA | Balance | $32,735 |
| Account number | 542418XXXXXX | Balance updated | May 25, 2026 |
| Original creditor | - | Credit limit | $10,700 |
| Company sold | - | Monthly payment | - |
| Account type | Credit card | Past due amount | $9,785 |
| Date opened | Aug 31, 2023 | Highest balance | $32,735 |
| Open/closed | Closed | Terms | - |
| Status | Account charged off. $32,735 written off. $9,785 past due as of May 2026. | Responsibility | Individual |
| | | Your statement | - |
| Status updated | Jul 2025 | | |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | - | - | - | - | - | - | - |
| 2025 | CLS | 30 | 60 | 90 | 120 | 150 | CO | CO | CO | CO | CO | CO |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | CLS |
| 2023 | - | - | - | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met 30 Past due 30 days 60 Past due 60 days

90 Past due 90 days 120 Past due 120 days 150 Past due 150 days

CO Charge off CLS Closed - Data Unavailable

**Contact info**

Address PO BOX 6241 SIOUX FALLS, SD 57117

Phone number (800) 950-5114

**Comments**

Account closed at credit grantor's request

experian. Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

[redacted]

## $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2021 | ✓ | ✓ | ✓ | CLS | - | - | - | - | - | - | - | - |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met    CLS Closed    - Data Unavailable

[redacted]

[redacted]

experian. Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

[redacted]

## $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2021 | ✓ | ✓ | ✓ | CLS | - | - | - | - | - | - | - | - |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met CLS Closed - Data Unavailable

[redacted]

[redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

[redacted]

## Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | ✓ | ✓ | ✓ | CLS | - | - | - | - | - | - | - | - |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | - | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met CLS Closed - Data Unavailable

[redacted]

[redacted]

experian.



[redacted]

[redacted]

[redacted]

## $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | CLS | - | - | - | - |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2017 | - | - | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met    CLS Closed    - Data Unavailable

[redacted]

[redacted]

[redacted]

[redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

[redacted]

**$ Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | CLS |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met CLS Closed - Data Unavailable

[redacted]

[redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted] [redacted]

[redacted]

[redacted]

[redacted] [redacted] [redacted] [redacted]
[redacted] [redacted] [redacted] [redacted]
[redacted] [redacted] [redacted] [redacted]
[redacted] [redacted] [redacted] [redacted]
[redacted] [redacted] [redacted] [redacted]
[redacted] [redacted] [redacted] [redacted]
[redacted] [redacted] [redacted] [redacted]
[redacted] [redacted]
[redacted] [redacted]

## $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | CLS | - |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met CLS Closed - Data Unavailable

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

[redacted]

[redacted]

[redacted]

## $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | - | - | - | CLS | - | - | - | - | - | - | - | - |

CLS Closed - Data Unavailable

[redacted]

[redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

[redacted]

[redacted]

[redacted]

## $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | CLS | - | - |
| 2024 | - | - | - | - | - | - | - | - | - | ✓ | ✓ | ✓ |

✓ Current / Terms met CLS Closed - Data Unavailable

[redacted]

[redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

[redacted]

| | | | |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | | |
| [redacted] | [redacted] | | |

## Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | ✓ | ✓ | ✓ | CLS | - | - | - | - | - | - | - | - |

✓ Current / Terms met CLS Closed - Data Unavailable

[redacted]

| | |
|---|---|
| [redacted] | [redacted] |
| [redacted] | [redacted] |

[redacted]

[redacted]

# Collection accounts

No collection accounts reported.

# Public records

No public records reported.

[redacted]

[redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

- [redacted]
- [redacted]
- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]
- [redacted]
- [redacted]

[redacted]

[redacted]

- [redacted]
- [redacted]
- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]
- [redacted]
- [redacted]

— [redacted]

- [redacted]
- [redacted]
- [redacted]
- [redacted]

— [redacted]

- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]

experian.

Prepared For **GERSAINT EXCELLENT** **Date generated:** Jun 23, 2026

[redacted]®[redacted]

[redacted]

[redacted]®[redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]

[redacted]

[redacted]®[redacted]®[redacted]

[redacted]®[redacted]®[redacted]®[redacted]®[redacted]®[redacted]®[redacted]®[redacted]®[redacted]

[redacted]®[redacted]®[redacted]®[redacted]®[redacted]

[redacted]

[redacted]®[redacted]®[redacted]®[redacted]